UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H.L. BRANDSTATT,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>KENNETH CLARK,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-01193-CDB  (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR LACK OF JURISDICTION**<br><br>**14-DAY DEADLINE**<br><br>(ECF No. 1)<br><br>Clerk of Court to randomly assign District Judge |

Petitioner William H.L. Brandstatt ("Petitioner") is a California state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that prison officials filed a rules violation report in error and that, as a result, Petitioner received an adverse parole decision.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief

requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Procedural and Factual Background**

According to the Petition, Petitioner is currently serving two consecutive seven-to-life sentences for the attempted murder of a peace officer. Cal. Penal Code § 664(E). (ECF No. 1, p. 1).[1] Petitioner asserts that due to an "illegal" California Department of Corrections and Rehabilitation (CDCR) rules violation report (RVR), he received an adverse parole suitability determination. (*Id*. at p. 4). Petitioner represents that "this rule violation report was used as one of two reasons to deny my parole suitability for 3 years. The second reason was an unsubstantiated claim in the police report of my life [*sic*] crime." (*Id*. at p. 3)

According to the correctional officer (CO) that drafted the RVR, while he was performing his duties during evening chow, he saw Petitioner break out of line to pass a bag to another inmate. The CO attempted to get Petitioner's attention, but due to Petitioner's unresponsiveness, he was unable to identify the inmate who received the bag. (ECF No. 1, p. 8).

Once the CO managed to get Petitioner's attention, he informed Petitioner that inmates are not allowed to convey property to other inmates and doing so may subject them to discipline. Reportedly, Petitioner told the CO that he could not hear him while cupping his ears, which alerted the CO that Petitioner is hearing impaired. (*Id*.) Hearing impaired inmates are required to have an identifying vest worn on their persons and should always be using hearing aids. According to the RVR, the CO found Petitioner wearing neither the vest nor the hearing-aids. Ultimately, the CO issued the RVR because Petitioner was not wearing his vest, hearing aids, and

---

[1] Petitioner attached to his petition a series of documents that are referenced below by the page numbers assigned in the relevant page's CM/ECF heading-banner.

2

he delayed the CO from fulfilling his duties. (*Id*.).

On December 1, 2020, Petitioner filed a grievance form to the CDCR Office of Grievances at Corcoran State Prison. (*Id*. at p. 3). Petitioner's grievance was reviewed and denied on December 29, 2020. (ECF No. 1, p. 21). Petitioner appealed again on December 31, 2020. (*Id*. at 24). Petitioner reached the end of the CDCR procedural process on March 8, 2021, when he was informed that his charge was reduced to a "counseling chrono," which has the purpose of recording minor acts of noncompliance. (*Id*. at p. 25). Petitioner' grievance claim was denied and he was informed that "[t]his decision exhausts the administrative remedies available to the claimant within CDCR. (*Id*.) Based on the documentation provided by Petitioner, it appears that he correctly exhausted his administrative remedies prior to filing the Petition at issue.

On October 13, 2022, Petitioner filed an additional brief in support of the petition in which he represents that he violated no restrictions and merely passed two bars of soap to another inmate. (ECF No. 7).

**Discussion and Analysis**

Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted the rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under 42 U.S.C § 1983." *Nettles v. Grounds,* 830 F.3d 922, 934 (9th Cir. 2016) (*en banc*) (quoting *Preise*r, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). *Nettles* recognized that the relationship between a rule violation and an adverse finding of parole is too attenuated and not a sufficient basis on which to grant habeas relief, as expungement of the report does not necessarily result in a positive parole decision and therefore is not "at the core" of habeas corpus. *Nettles*, 830 F.3d at 927.

1          Petitioner's claim to relief relates to his challenges to an RVR issued on October 17, 2020.
2  The CO that drafted the RVR determined that Petitioner, a person with a hearing impairment, was
3  not wearing his hearing aids nor was he wearing a vest that indicates others of his impairment.
4  Additionally, the CO saw Petitioner break out of line during lunch time to pass a bag to another
5  inmate.  *See* (ECF No. 1, Ex. 4, p. 9).
6          Petitioner's filings demonstrate that even if, as he asserts, his RVR was invalid, he would
7  not necessarily have received a favorable parole outcome.  As Petitioner admits, even if the RVR
8  had not existed, the parole board could have denied parole solely based on the other cited reason
9  for denial (a claim made in a police report).  Thus, because success on Petitioner's claims "would
10 not necessarily lead to his immediate or earlier release from confinement," his claim does not fall
11 within "the core of habeas corpus," and he must instead bring his claim under 42 U.S.C. § 1983.
12 *Nettles*, 830 F.3d at 935.

### Conversion to § 1983 Civil Rights Action

14         "If the complaint is amenable to conversion on its face, meaning that it names the correct
15 defendants and seeks the correct relief, the court may recharacterize the petition so long as it
16 warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for
17 the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (quoting *Glaus
18 v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).  There are distinct differences between habeas
19 corpus petitions and prisoner civil rights actions, such as the proper defendants, filing fees,
20 exhaustion requirements, and restrictions on future filings.  *Id*. at 936 (citing *Robinson v. Sherrod*,
21 631 F.3d 839, 841 (7th Cir. 2011)); *Glaus*, 408 F.3d at 388.
22         In this case, the Court concludes the proper course is to dismiss this action as opposed to
23 conversion to a complaint under 42 U.S.C. § 1983.  According to Petitioner's allegations, a series
24 of prison guards wrongfully found him in violation of prison rules, whereas in the instant petition,
25 he names only warden Kenneth Clark as Respondent.  Thus, it is likely in any § 1983 action that
26 Petitioner would need to revise his allegations and/or name different or additional parties.  *See
27 Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-
28 official defendant, through the official's own individual actions, has violated the Constitution.").

The undersigned expresses no opinion as to the possible merits of any § 1983 action contemplated by Petitioner.

**RECOMMENDATION & ORDER**

The undersigned **HEREBY RECOMMENDS** that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

The Clerk of Court is **DIRECTED** to randomly assign a District Court Judge to the present matter and to send Petitioner a prisoner civil rights complaint form.

These Findings and Recommendation will be submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 16, 2023**__                    _____
                                                              UNITED STATES MAGISTRATE JUDGE